OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff was injured on the tracks of the Long Island Railroad (LIRR) after discharge from a LIRR train. He did not serve a summons and complaint on the public authority until more than one year and 30 days after his claim accrued. Therefore, his claim was untimely and correctly dismissed.
A person has one year from the date a claim accrues to commence an action against a public authority such as LIRR (Public Authorities Law § 1276 [2]). The complaint must contain an allegation that at least 30 days have elapsed since the authority was presented with a demand or claim and that the authority has neglected or refused to adjust or pay the claim (Public Authorities Law § 1276 [1]). This "stay” of 30 days is not counted as part of the limitations period and the plaintiff therefore may serve a complaint at any time up to one year and 30 days after the claim has accrued (CPLR 204 [a]; see, Andersen v Long Is. R. R., 59 NY2d 657, 661; Barchet v New York City Tr. Auth., 20 NY2d 1, 5).
Plaintiff claims that because he was injured on a Friday night and could not present his claim to LIRR’s Claims Bureau until the next Monday, three days later, he was actually "stayed” for 33 days and was entitled to one year and 33 days to commence his action.
*779 We find no merit to plaintiffs argument. The statute contemplates and requires only a 30-day waiting period. Therefore, 30 days is the maximum extension of time plaintiff is entitled to under CPLR 204 (a). Moreover, the interests of uniformity strongly urge us to avoid a rule whereby the time in which to commence an action against a public authority would vary case to case, depending on the authority’s office hours and scheduled vacations.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.