■ DAVID RUSHMORE, Respondent, v HEMPSTEAD POLICE DEPARTMENT et al., Respondents, and COUNTY OF NASSAU, Appellant. [621 NYS2d 382] —In an action, inter alia, to recover damages for false arrest and false imprisonment, the defendant County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated April 23, 1993, as (1) granted those branches of the plaintiff's motion which were for leave to serve a late notice of claim with respect to his causes of action sounding in false arrest, false imprisonment, and negligence, and (2) denied its cross motion to dismiss the verified complaint insofar as asserted against it except insofar as the order dismissed the cause of action sounding in defamation.

Ordered that the order is modified, on the law and as a matter of discretion, (1) by adding a provision thereto conditioning leave to serve the late notice of claim upon the plaintiff's delivery to the defendants of the appropriate con-

sents and authorizations for them to examine, inspect, and copy the file and record in the criminal proceeding against him, and to unseal the police records in connection therewith, and in the event that the plaintiff does not comply with this condition within 30 days after service upon him of a copy of this decision and order, with notice of entry, then the notice of claim is stricken, and the motion for leave to serve a late notice of claim is denied, and (2) by adding a provision thereto deeming that the complaint is amended to include an allegation pursuant to General Municipal Law § 50-i (1) (b), to the effect that at least 30 days have elapsed since service of the notice of claim and that adjustment or settlement of the claim has been neglected or refused; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, we discern no improvident exercise of discretion in the Supreme Court's determination to grant the plaintiff's application for leave to serve a late notice of claim with respect to certain causes of action set forth in the verified complaint. Indeed, the service of the notice of claim appears to have been timely with respect to the false arrest and false imprisonment claims (see, Matter of Ragland v New York City Hous. Auth., 201 AD2d 7). The plaintiff promptly moved for the requested relief upon his release from custody, and the appellant has failed to persuasively demonstrate any prejudice resulting from either the purported inadequacy of the contents of the notice of claim or the alleged untimeliness of its service. However, the plaintiff alleges that he was the subject of a criminal proceeding which ultimately was resolved in his favor. Thus, the official records and papers relating to his arrest and prosecution were sealed pursuant to CPL 160.50, thereby creating an obstacle to the defendants' ability to investigate the claims. Accordingly, we are modifying the order so that the granting of the plaintiff's motion for leave to serve a late notice of claim is conditioned upon his execution of all requisite consents and authorizations to open his file in the criminal proceeding, thus affording the defendants a fair opportunity to investigate his claims (see, Matter of Ragland v New York City Hous. Auth., supra).

The appellant is correct in contending that the plaintiff has failed to comply with General Municipal Law § 50-i (1) (b), which requires that the complaint or moving papers allege that at least 30 days have elapsed since service of the notice of claim and that adjustment or payment of the claim has been neglected or refused. Compliance with General Municipal Law

§ 50-i (1) (b) has been held to constitute a condition precedent to the commencement of an action *(see, Giblin v Nassau County Med. Ctr.,* 61 NY2d 67). However, under the circumstances of this case, including the facts that the complaint was served prior to service of the notice of claim and the plaintiff expressed his intention to remedy any defect in the pleadings, we are further modifying the order to deem the complaint amended to set forth the requisite allegations pursuant to General Municipal Law § 50-i (1) (b) *(see generally, Bravo v City of New York,* 122 AD2d 761; *Fitzgibbon v County of Nassau,* 112 AD2d 266). Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.