■ CALVIN PERKINS et al., Respondents, v CITY OF NEW YORK, Appellant. [810 NYS2d 218]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Flug, J.), dated August 13, 2003, which granted the plaintiffs' motion for leave to serve a late notice of claim and denied its cross motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e and § 50-i (1) (b).

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross motion to dismiss the complaint and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with costs to the defendant.

On December 18, 2001 the plaintiff Calvin Perkins was injured while working on a construction site in Queens. On February 12, 2002 the plaintiffs served a notice of claim upon the New York City Board of Education and the New York City School Construction Authority, advising of their intent to commence this action. In a letter to the plaintiffs' counsel dated March 14, 2002 the Office of the Comptroller of the City of New York acknowledged receipt of the notice of claim and advised counsel that "[y]ou may also pursue your claim against the City of New York by commencing an action within one year and ninety days from the date of the original accident/occurrence." The plaintiffs thereafter learned that the site of the accident was owned by the City. On March 13, 2003 the plaintiffs served a notice of claim upon the City and commenced this action the following day. On March 17, 2003 the plaintiffs moved for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), nunc pro tunc. The City cross-moved to dismiss the complaint for failure to comply with the requirements of General Municipal Law § 50-e.

As evidenced by the letter from the Office of the Comptroller, the City had notice of the incident within the time required by the statute and did not establish any prejudice as a result of the plaintiffs' failure to serve the notice of claim directly on it. The Supreme Court providently exercised its discretion in granting the plaintiffs' motion for leave to serve the late notice of claim (see Matter of Bollerman v New York City School Constr. Auth.,

247 AD2d 469, 469-470 [1998]; *Matter of Alvarenga v Finlay,* 225 AD2d 617, 617-618 [1996]; *Matter of Farrell v City of New York,* 191 AD2d 698, 698-699 [1993]). However, although the plaintiffs satisfied the requirements to obtain leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the complaint nevertheless should have been dismissed.

General Municipal Law § 50-i (1) (b) requires that the complaint allege that at least 30 days have elapsed since the service of the notice and that the adjustment or payment of the claim has been neglected or refused. Although the complaint contained such an allegation, the allegation was inaccurate. The failure to include in the complaint an accurate allegation that at least 30 days have elapsed since the service of the notice and that the adjustment or payment of the claim has been neglected or refused required that the complaint be dismissed (*cf. Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 62 [1984]; *Smith v Scott,* 294 AD2d 11, 22 [2002]). The subsequent grant of leave to serve the notice of claim late did not cure this pleading deficiency (*see Giblin v Nassau County Med. Ctr.,* 61 NY2d 67, 75-76 [1984]; *cf. Corey v County of Rensselaer,* 88 AD2d 1104, 1105 [1982]). Although, in certain circumstances, the pleading deficiency can be cured by an amendment after the requisite time has passed (*see Bravo v City of New York,* 122 AD2d 761, 762 [1986]; *Fitzgibbon v County of Nassau,* 112 AD2d 266, 267 [1985]), those circumstances are not present here, nor are other circumstances that would justify denying the City's cross motion (*cf. Rushmore v Hempstead Police Dept.,* 211 AD2d 776, 777-778 [1995]). Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.