■ Melissa Stampf, Respondent, v Metropolitan Transportation Authority et al., Appellants. [868 NYS2d 641]—

The motion court properly determined that the action against the LIRR was timely commenced. There is no requirement that a notice of claim be served upon LIRR, a subsidiary of the MTA (*see* Public Authorities Law § 1276 [6]), and the detailed letter sent to the LIRR by petitioner's former attorney constituted the requisite demand on the LIRR (*see* Public Authorities Law § 1276 [1]), and tolled the one-year statute of limitations, giving petitioner up to one year and 30 days after her claim accrued to serve her complaint against it (*see Burgess v Long Is. R.R. Auth.*, 79 NY2d 777 [1991]; CPLR 204 [a]).

However, we modify to the extent indicated because petitioner's motion to serve a late notice of claim with respect to her claims, except that for malicious prosecution, on the MTA was untimely. The MTA is a distinct legal entity from the LIRR for the purposes of suit (Public Authorities Law § 1266 [5]; *see Montez v Metropolitan Transp. Auth.*, 43 AD2d 224, 226 [1974]), and the service of her demand letter on the LIRR was ineffective to toll either the time to commence her action or the time within which to move to serve a late notice of claim on the MTA. Regarding the claim for malicious prosecution, since that cause of action did not arise until there was a favorable termination of the criminal charges against petitioner, the motion was timely (*see* CPLR 215 [3]). Petitioner's failure to demonstrate a reasonable excuse for failing to move earlier is not fatal to her request, where the MTA's investigation at the time provided it with actual knowledge of the events at issue and where the MTA is not prejudiced.

We have considered respondents' remaining arguments, including the claim that the motion to renew was improperly denied, and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Catterson, Renwick and Freedman, JJ.