■ In the Matter of Andres Rodriguez et al., Appellants, v Metropolitan Transportation Authority et al., Respondents. [65 NYS3d 44]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered August 11, 2016, which denied the petition for leave to serve late notices of claim, and order, same court and Justice, entered November 25, 2016, which, in effect, granted petitioners' motion for reargument and adhered to the original determination, unanimously affirmed, without costs.

The notice of claim requirement does not apply to respondent Metropolitan Transportation Authority's (the MTA) subsidiaries, which include respondents MTA Capital Construction Company (MTA Capital) and Long Island Rail Road (*see* Public Authorities Law §§ 1265-b [1] [a]; 1276 [6]; *Stampf v Metropolitan Transp. Auth.*, 57 AD3d 222 [1st Dept 2008]). A suit against these entities must be preceded by a demand for payment of damages and a period of at least 30 days without adjustment or payment (*see* Public Authorities Law § 1276 [1], [6]; *Andersen v Long Is. R.R.*, 59 NY2d 657 [1983]).

On appeal, petitioners argue that MTA Capital's possession of an incident report prepared by the injured petitioner's employer—the general contractor on the MTA's construction project—establishes that it had actual knowledge of the essential facts constituting the claims within 90 days after they arose or a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Johnson v New York City Tr. Auth.*, 278 AD2d 83 [1st Dept 2000]). However, it is not clear from the record when MTA Capital came into possession of this report (*see Velazquez v City of N.Y. Health & Hosps. Corp. [Jacobi Med. Ctr.]*, 69 AD3d 441 [1st Dept 2010], *lv denied* 15 NY3d 711 [2010]).

In any event, MTA Capital's knowledge of the incident would not be imputed to respondents the MTA, New York City Transit Authority, or the City of New York. Although MTA Capital is a subsidiary of the MTA, it is a distinct legal entity for purposes of suit, and its employees "shall not be deemed employees of [the MTA]" (*see* Public Authorities Law §§ 1266 [5]; 1265-b [1] [a]; *see also Stampf*, 57 AD3d at 223; *Noonan v Long Is. R.R.*, 158 AD2d 392 [1st Dept 1990]). Petitioners have not demonstrated that the MTA exercises the level of control over MTA Capital necessary to create an agency relationship (*see Quik Park W. 57 LLC v Bridgewater Operating Corp.*, 148 AD3d 444 [1st Dept 2017]).

MTA Capital's connection to respondent New York City Transit Authority is even more remote (*see* Public Authorities Law §§ 1201, 1263, 1265-b [1] [a]; *Konner v New York City Tr. Auth.*,

143 AD3d 774, 776 [2d Dept 2016]), and its connection to the City is remoter still.

The fact that respondents share the same attorney does not alter this analysis. In the cases cited by petitioners, the shared attorneys were aware of the facts constituting the claims from the outset because they were already actively representing a related entity in connection with virtually identical claims (*see Matter of Fox v New York City Dept. of Educ.*, 124 AD3d 887 [2d Dept 2015]; *Matter of Billman v Town of Deerpark*, 73 AD3d 1039 [2d Dept 2010]). In this case, the suit was commenced against all respondents at the same time.

In view of the foregoing, petitioners failed to demonstrate that respondents were not substantially prejudiced by the delay (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016]). Concur—Friedman, J.P., Gische, Kapnick, Kahn and Moulton, JJ.