Jacobs v Metropolitan Transp. Auth. (2020 NY Slip Op 00850)





Jacobs v Metropolitan Transp. Auth.


2020 NY Slip Op 00850


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-08928
 (Index No. 606977/17)

[*1]Meredith Jacobs, etc., et al., respondents,
v
Metropolitan Transportation Authority, etc., et al., appellants, et al., defendants.


Mark D. Hoffer, Jamaica, NY (Kevin P. McCaffrey of counsel), for appellants.



DECISION & ORDER
In a putative class action, inter alia, to recover damages for breach of contract, the defendants Metropolitan Transportation Authority and Long Island Railroad appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered July 12, 2018. The order, insofar as appealed from, denied those branches of the motion of the defendants Metropolitan Transportation Authority and Long Island Railroad which were pursuant to CPLR 3211(a) to dismiss the first and second causes of action insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Metropolitan Transportation Authority and Long Island Railroad which were pursuant to CPLR 3211(a) to dismiss the first and second causes of action insofar as asserted against them are granted.
The plaintiffs are monthly Long Island Rail Road ticket holders who allegedly suffered damages arising from, among other things, train service disruptions, overcrowded platforms, and unsanitary and unsafe conditions in trains and stations between April 2017 and January 2018. They commenced this putative class action on behalf of themselves and those similarly situated against the defendant Metropolitan Transportation Authority (hereinafter the MTA) and its subsidiary, the defendant Long Island Railroad (hereinafter the LIRR, and together with the MTA, the defendants), among others, asserting causes of action to recover damages for breach of contract, negligence, and intentional infliction of emotional dismiss.
The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint insofar as asserted against them. They argued that the tort causes of action were barred under the prior notice and pleading requirements of Public Authorities Law § 1276(1) and (2), and under the doctrine of governmental immunity. They further argued that the plaintiffs failed to state causes of action to recover damages for breach of contract, negligence, and intentional infliction of emotional distress insofar as asserted against them. The plaintiffs opposed the motion. In an order entered July 12, 2018, the Supreme Court granted that branch of the defendants' motion which was to dismiss the intentional infliction of emotional distress cause of action insofar as asserted against them and denied those branches of the motion which were to dismiss the breach of contract and negligence causes of action insofar as asserted against them. The defendants appeal.
Service of a notice of claim within 90 days after accrual of the claim is a condition [*2]precedent to the commencement of an action sounding in tort against the MTA (see General Municipal Law § 50-e[1][a]; Public Authorities Law § 1276[2]; Matter of Ryan v New York City Tr. Auth., 110 AD3d 902, 902). Here, the plaintiffs failed to serve the MTA with a notice of claim. In addition, contrary to the Supreme Court's determination, the public interest exception to the notice of claim requirement does not apply here (see 423 S. Salina St. v City of Syracuse, 68 NY2d 474, 493; Incorporated Vil. of Muttontown v Ryba, 121 AD3d 757, 759; Gurrieri v County of Nassau, 2017 WL 3432208, *8, 2017 US Dist LEXIS 126293, *19-20 [ED NY, No. 2:16-cv-6983(ADS)(SIL)]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the negligence cause of action insofar as asserted against the MTA (see Public Authorities Law § 1276[2]).
The complaint in an action against the LIRR "must contain an allegation that at least 30 days have elapsed since [the LIRR] was presented with a demand or claim" upon which the action is founded, and that the LIRR "has neglected or refused to adjust or pay the claim" (Burgess v Long Is. R.R. Auth., 79 NY2d 777, 778; see Public Authorities Law § 1276[1]; Matter of Rodriguez v Metropolitan Transp. Auth., 155 AD3d 520, 521). This requirement is distinct from and serves purposes different from the notice of claim requirement contained in Public Authorities Law § 1276(2) (see Andersen v Long Is. R.R., 59 NY2d 657, 661). Here, the amended complaint does not allege that the plaintiffs presented the LIRR with a demand upon which their action was founded, and that 30 days had elapsed without resolution. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the negligence cause of action insofar as asserted against the LIRR (see Public Authorities Law § 1276[1]; Albano v Long Is. R.R. Co., 122 AD2d 923, 924).
Assuming that the purchase of a monthly commutation ticket establishes a contractual relationship between the defendants and the plaintiffs (see D'Angelo v Triborough Bridge & Tunnel Auth., 106 AD2d 128, 129-131, affd 65 NY2d 714; Levine v Long Is. R. R. Co., 38 AD2d 936, 938-939, affd 30 NY2d 907; W. R. Grace & Co. v Railway Express Agency, 9 AD2d 425, 429, affd 8 NY2d 103), the documentary evidence submitted by the defendants, in the form of sections of the passenger tariff in effect at all relevant times, conclusively established a defense as a matter of law to the allegations of breach of contract. The tariff set forth a detailed procedure for obtaining refunds, which the plaintiffs do not allege to have followed. The tariff also prohibited refunds for service disruptions and only permitted refunds to the extent a commutation ticket has or could have been used for travel. Consequently, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the breach of contract cause of action insofar as asserted against them (see Stathakos v Metropolitan Tr. Auth. Long Is. R.R., 109 AD3d 979, 980).
We need not reach the defendants' remaining contentions in light of our determination.
BALKIN, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court