189 Schermerhorn Owners Co., LLC v Board of Mgrs. of the Be@Schermerhorn Condominium (2020 NY Slip Op 05021)





189 Schermerhorn Owners Co., LLC v Board of Mgrs. of the Be@Schermerhorn Condominium


2020 NY Slip Op 05021


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-03090
 (Index No. 514522/17)

[*1]189 Schermerhorn Owners Company, LLC, respondent,
v
Board of Managers of the Be&commat;Schermerhorn Condominium, appellant, et al., defendant.


Braverman Greenspun, P.C., New York, NY (Manu Leila Davidson of counsel), for appellant.
Stern & Szpigiel LLP, Mineola, NY (Howard J. Stern and Yisroel Szpigiel of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Board of Managers of the Be&commat;Schermerhorn Condominium appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated January 29, 2018. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against the defendant Board of Managers of the Be&commat;Schermerhorn Condominium.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against the defendant Board of Managers of the Be&commat;Schermerhorn Condominium is granted.
The plaintiff is the owner of a commercial unit, used as a parking garage, in the Be&commat;Schermerhorn Condominium (hereinafter the Condominium). The plaintiff commenced this action against the defendant Board of Managers of the Be&commat;Schermerhorn Condominium (hereinafter the Board) and another defendant, challenging the Board's allocation of common expenses, after the Condominium's first year of operation, in accordance with the first-year budget set forth in the Condominium offering plan. The plaintiff alleged that this method of allocating common expenses following the Condominium's first year was a breach of the Board's contractual duties and resulted in an overassessment of common charges to the plaintiff. In addition to damages for breach of contract, the plaintiff sought a judgment declaring, essentially, that its interpretation of the Board's contractual obligations with respect to the allocation of common expenses was correct.
The defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order dated January 29, 2018, the Supreme Court, inter alia, denied that branch of the motion which was to dismiss the amended complaint insofar as asserted against the Board. The Board appeals.
Initially, the Supreme Court should have granted dismissal of the declaratory judgment cause of action insofar as asserted against the Board, because such a cause of action "'is [*2]unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract'" (BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am., 247 AD2d 565, 568, quoting Apple Records v Capital Records, 137 AD2d 50, 54; see Tiffany Tower Condominium, LLC v Insurance Co. of Greater N.Y., 164 AD3d 860, 863).
As to the breach of contract cause of action, "[t]o succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). Here, the Condominium offering plan, declaration, and bylaws (hereinafter collectively the governing documents) utterly refuted the plaintiff's factual allegations and conclusively established a defense as a matter of law to the breach of contract cause of action. In particular, the plaintiff admitted in the amended complaint that the common charges assessed to its unit since the inception of its ownership have been in accordance with the allocations set forth in "Schedule B — First Year's Budget," contained in the offering plan. The plaintiff's allegation that the Board was obligated to reallocate the common expenses after the first year of the Condominium's operation, based upon an assessment of the commercial unit owners' actual use of and benefit from the services and other items covered by the common expenses, is refuted by the governing documents. Those documents do not provide for an assessment of actual use and benefits, but rather, specify that, on at least a yearly basis, the Board will "allocate and assess [the] Common Charges amongst the Unit Owners in accordance with allocations set forth in the First Year's Budget." Accordingly, the governing documents conclusively established that the plaintiff was not entitled to damages for breach of contract, and the Supreme Court should have granted dismissal of that cause of action insofar as asserted against the Board (see Jacobs v Metropolitan Transp. Auth., 180 AD3d 657, 659).
SCHEINKMAN, P.J., BALKIN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court