Alexander v New York City Tr. Auth. (2021 NY Slip Op 06941)





Alexander v New York City Tr. Auth.


2021 NY Slip Op 06941


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Index No. 153830/20 Appeal No. 14842 Case No. 2020-04461 

[*1]Cristin Alexander, Plaintiff-Appellant,
v
New York City Transit Authority, Defendant-Respondent, New York City Department of Transportation, Defendant.


Jasne & Florio, L.L.P., White Plains (Hugh G. Jasne of counsel), for appellant.
Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondent.



Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered September 30, 2020, which denied plaintiff's motion for leave to serve a late notice of claim, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff leave to file a late notice of claim since he offered no excuse for his failure to timely file the notice, failed to demonstrate that defendant New York City Transit Authority (NYCTA) acquired actual knowledge of the facts underlying the claim within 90 days or a reasonable time afterward, and failed to meet his burden of demonstrating that NYCTA would not be substantially prejudiced by the delay (see Matter of Smiley v Metropolitan Transp. Auth., 168 AD3d 631, 631 [1st Dept 2019]; see also Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 155 [2d Dept 2008]). Because plaintiff failed to meet his initial burden of demonstrating the absence of substantial prejudice, NYCTA was not required to make a particularized evidentiary showing of prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467-468 [2016]; Matter of J.H. v New York City Health & Hosps. Corp., 179 AD3d 452, 453 [1st Dept 2020]).
The police report created by the New York City Police Department (NYPD) regarding the accident does not establish that NYCTA had actual notice. The report was created by the NYPD, which is a distinct legal entity for purposes of suit, and nothing in the record suggests that NYCTA received the report (see Matter of Rodriguez v Metropolitan Transp. Auth., 155 AD3d 520, 521 [1st Dept 2017]). In any event, the report lacks sufficient detail to impute knowledge of plaintiff's claim to the NYCTA because the report does not connect plaintiff's fall to a lack of safety devices, or to inadequate training or supervision of NYCTA's personnel (see Mehra v City of New York, 112 AD3d 417, 418 [1st Dept 2013]; Evans v New York City Hous. Auth., 176 AD2d 221, 221-222 [1st Dept 1991], lv denied 79 NY2d 754 [1992], appeal dismissed 79 NY2d 886 [1992]). The statement in the report that a police officer spoke with the train conductor and the train operator about the accident also does not establish that NYCTA received actual notice, because the report does not state specifically what the officer told them (compare Matter of Strauss v New York City Tr. Auth., 195 AD2d 322, 322-323 [1st Dept 1993] [the defendant had actual notice where accident report stated that
officer who authored it told the NYCTA employee about the icy condition that caused the plaintiff's fall]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021