Matter of Rijos v New York City Tr. Auth. (2024 NY Slip Op 02510)

Matter of Rijos v New York City Tr. Auth.

2024 NY Slip Op 02510

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Index No. 152047/23 Appeal No. 2220 Case No. 2023-06721 

[*1]In the Matter of Miguel Rijos, Respondent,
v
New York City Transit Authority, Respondent-Appellant, Metropolitan Transportation Authority, Respondent.

MTA Law Department, Brooklyn (Theresa A. Frame of counsel) for appellant.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for respondent.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered December 6, 2023, which, insofar as appealed from as limited by the briefs, granted petitioner's motion for leave to serve a late notice of claim on respondent New York City Transit Authority (NYCTA), unanimously affirmed, without costs.
Petitioner alleges that he was struck by a westbound train at the 42nd Street and Bryant Park Station. As a result of the accident both his legs were amputated below the knee. He failed to submit a notice of claim within ninety days, as required by General Municipal Law § 50-e (1)(a) and Public Authorities Law § 1212(2). Petitioner sought leave to file a late notice of claim approximately one year from the date of the accident.
The court providently exercised its discretion in granting petitioner leave to file a late notice of claim (General Municipal Law § 50-e [5]). Petitioner made a prima facie showing that NYCTA received timely "actual knowledge of the essential facts constituting the claim" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 461 [2016] [internal quotation marks omitted]). The New York City Police Department (NYPD) report on the accident indicated that the investigating officer was an NYPD transit officer who observed petitioner being taken to the hospital, and the report set forth specific contents of the police interview with the train operator about the accident. Additionally, petitioner demonstrated that NYCTA had the opportunity to investigate the essential facts in a timely manner, establishing that petitioner's delay did not cause substantial prejudice to NYCTA (see Matter of Mejia v New York City Tr. Auth., 224 AD3d 546 [1st Dept 2024]; Johnson v New York City Tr. Auth., 278 AD2d 83 [1st Dept 2000]; compare Alexander v New York City Tr. Auth., 200 AD3d 509, 510 [1st Dept 2021]). In response to petitioner's showing, NYCTA offered no particularized evidence of prejudice (see Clarke v New York City Tr. Auth., 222 AD3d 552, 553 [1st Dept 2023]).
Petitioner also offers a reasonable excuse for failing to serve a timely notice of claim. Medical records show that he remained in the hospital for 34 days and then required additional treatments thereafter. He also faced challenges attending to his new disability while housed in the City's shelter system. We note that petitioner retained counsel approximately eight months after the accident, and that he fails to explain why counsel delayed in moving for leave to serve a late notice of claim. However, this failure is not dispositive given his showing of respondent's actual knowledge of the incident, the absence of prejudice caused by the delay, and his reasonable excuse for his inaction in the months immediately following his accident (see Stampf v Metropolitan Transp. Auth., 57 AD3d 222, 223 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024