Matter of Almeida v City of New York (2024 NY Slip Op 02699)

Matter of Almeida v City of New York

2024 NY Slip Op 02699

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-00036
 (Index No. 718128/21)

[*1]In the Matter of Francisco Almeida, respondent,
v
City of New York, et al., appellants.

Cullen and Dykman, LLP, New York, NY (Michael E. Joseph of counsel), for appellants.
Leav & Steinberg LLP, New York, NY (Robert L. Rose of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to deem late notices of claim timely served nunc pro tunc, the appeal is from an order of the Supreme Court, Queens County (Pam B. Jackman Brown, J.), entered November 29, 2021. The order granted the petition.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, that branch of the petition which was for leave to deem late notices of claim timely served nunc pro tunc upon Long Island and Railroad, Metro North Commuter Railroad, MTA Construction and Development Company, and MTA Capital Construction Company is denied as unnecessary, the petition is otherwise denied, and the proceeding is dismissed.
On October 8, 2020, the petitioner allegedly was injured when a piece of rebar struck him in the face while he was working at a construction site in Queens. The petitioner was employed by a subcontractor of the Metropolitan Transportation Authority (hereinafter the MTA). In June 2021, the petitioner served notices of claim upon the City of New York, NYC Department of Design and Construction, NYC Department of Transportation, New York City Transit Authority, the MTA, Long Island and Railroad, Metro North Commuter Railroad, MTA Construction and Development Company, and MTA Capital Construction Company. Thereafter, in August 2021, the petitioner commenced this proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to deem the late notices of claim timely served nunc pro tunc. By order entered November 29, 2021, the Supreme Court granted the petition, and this appeal ensued.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). In determining whether to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice and for the delay in seeking leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice [*2]the public corporation in its ability to defend against the action (see General Municipal Law § 50-e[5]; Matter of Molme v New York City Tr. Auth., 177 AD3d 601, 601-602). "Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipal entity timely acquired actual knowledge is of great importance" (J.G. v Academy Charter Elementary Sch., 204 AD3d 643, 644; see Matter of Miskin v City of New York, 175 AD3d 684, 685).
As an initial matter, the petitioner correctly contends that he was not required to serve notices of claim upon Long Island and Railroad, Metro North Commuter Railroad, MTA Construction and Development Company, or MTA Capital Construction Company. The notice of claim requirement does not apply to these entities because they are subsidiaries of the MTA (see Public Authorities Law §§ 1265, 1276[1], [6]; Andersen v Long Is. R.R., 59 NY2d 657; Matter of Rodriguez v Metropolitan Transp. Auth., 155 AD3d 520). Contrary to the petitioner's contention, he was required to serve a notice of claim upon the MTA (see General Municipal Law § 50-e[1][a]; Public Authorities Law § 1276[2]; Jacobs v Metropolitan Transp. Auth., 180 AD3d 657, 658).
The evidence submitted in support of the petition failed to establish that the City, NYC Department of Design and Construction, NYC Department of Transportation, and New York City Transit Authority (hereinafter collectively the City appellants) or the MTA acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter. "'A report which describes the circumstances of the accident without making a connection between the petitioner's injuries and negligent conduct on the part of the public corporation will not be sufficient to constitute actual notice of the essential facts constituting the claim'" (Matter of D'Agostino v City of New York, 146 AD3d 880, 881, quoting Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 977; see Matter of Johnson v County of Suffolk, 167 AD3d 742, 746). The incident report upon which the petitioner relied did not connect his injuries to negligent conduct on the part of the City appellants or the MTA, and the incident report, prepared by MTA Capital Construction, cannot be imputed to other municipal entities (see Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1215). Moreover, the petitioner testified at a hearing pursuant to General Municipal Law § 50-h that only his employer's personnel were present at the construction site when the accident occurred.
The petitioner also failed to provide a reasonable excuse for failing to timely serve the notices of claim. The petitioner's ignorance of the law does not constitute a reasonable excuse (see Matter of Nunez v Village of Rockville Ctr., 176 AD3d at 1214; Matter of Bhargava v City of New York, 130 AD3d 819, 820). Furthermore, the petitioner did not adduce sufficient evidence to support his claim that he was unable to timely serve the notices of claim because he was seeking medical treatment and recovering from medical procedures, as he provided evidence only that he was unable to work for intermittent periods during the eight-month interval between the date of the accident and the service of the notices of claim (see Matter of Lang v County of Nassau, 210 AD3d 773, 775; Matter of Bermudez v City of New York, 167 AD3d 733, 734).
Finally, the petitioner presented no evidence that his delay in serving the notices of claim did not substantially prejudice the City appellants or the MTA in defending against the action on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465-466; cf. Schnier v New York State Thruway Auth., 205 AD3d 958, 959-960).
Accordingly, the Supreme Court should have denied the petition.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court