Matter of Talavera v New York City Tr. Auth. (2024 NY Slip Op 03098)

Matter of Talavera v New York City Tr. Auth.

2024 NY Slip Op 03098

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Kern, J.P., Moulton, Friedman, González, Pitt-Burke, JJ. 

Index No. 155051/23 Appeal No. 2443 Case No. 2024-00448 

[*1]In the Matter of Angel Talavera, Petitioner-Respondent,
v
New York City Transit Authority et al., Respondents-Appellants.

Anna J. Ervolina, MTA Law Department, Brooklyn (Theresa A. Frame of counsel), for appellants.
Mischel & Horn, P.C., New York (Lauren E. Bryant of counsel), for respondent.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered January 17, 2024, which, to the extent appealed from as limited by the briefs, granted petitioner's motion to serve a late notice of claim, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting petitioner leave to file a late notice of claim (General Municipal Law § 50-e[5]). Petitioner served respondents only two days after expiration of the 90-day time limit and made the application for leave to file a late of claim less than a week later. Not only was the delay minimal, but plaintiff received inpatient and rehabilitative treatment for more than two months following the accident, and therefore had a reasonable excuse for the delay (see Matter of Rijos v New York City Tr. Auth., AD3d , 2024 NY Slip Op 02510 [1st Dept 2024]; Matter of Mejia v New York City Tr. Auth., 224 AD3d 546, 546 [1st Dept 2024]). Moreover, neither party disputes that respondents were aware of the accident, which was witnessed by the train conductor and investigated by a New York City police officer in the transit branch. Thus, respondents had the opportunity to timely investigate the essential facts (id.).
We reject respondents' contention that the motion court should not have considered petitioner's medical records. The medical records, which petitioner submitted at the court's direction, constituted evidence to corroborate his application, not to improperly advance a new argument or theory of liability. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024