Ali v New York City Tr. Auth. (2025 NY Slip Op 03989)

Ali v New York City Tr. Auth.

2025 NY Slip Op 03989

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2022-03121
 (Index No. 704361/17)

[*1]Rubina Ali, appellant,
v New York City Transit Authority, et al., respondents.

JSL Law Offices, P.C., Uniondale, NY (Jae S. Lee of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy and Theresa Frame of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered April 4, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2017, the plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when her vehicle was struck by a vehicle operated by the defendant Lacynth Myers and owned by the defendant New York City Transit Authority (hereinafter the NYCTA). The defendants subsequently moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint for failure to state a cause of action and for lack of personal jurisdiction. In an order entered April 4, 2022, the Supreme Court, among other things, determined that dismissal was not warranted on the ground of lack of personal jurisdiction (see id. § 3211[a][8]), but granted, for failure to state a cause of action (see id. § 3211[a][7]), that branch of the defendants' motion which was to dismiss the complaint. The court determined, inter alia, that the complaint failed to comply with the pleading requirements of Public Authorities Law § 1212(1), and that the plaintiff had not moved for leave to amend the complaint. The plaintiff appeals.
Initially, contrary to the plaintiff's contention, the Supreme Court did not grant, but rather denied dismissal of the complaint for lack of personal jurisdiction pursuant to CPLR 3211(a)(8). Although the court concluded that the plaintiff failed to establish that she effectuated service of the summons and complaint upon the NYCTA, the court determined that the defendants had waived the defense of lack of personal jurisdiction, since they failed to move to dismiss the complaint on that basis within 60 days after serving their answer (see id. § 3211[e]).
Public Authorities Law § 1212(1) provides, in pertinent part, that the complaint in an action against the NYCTA "for damages . . . or for personal injuries or death" must "contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the [NYCTA], its general manager or other officer designated for such purpose," and that the NYCTA "has neglected or refused to make an adjustment [*2]or payment thereof for thirty days after such presentment." Here, the complaint does not allege that the plaintiff presented the NYCTA with a demand or claim upon which this action was founded, and that 30 days had elapsed without resolution (see id.). Accordingly, the Supreme Court properly granted, pursuant to CPLR 3211(a)(7), that branch of the defendants' motion which was to dismiss the complaint (cf. Jacobs v Metropolitan Transp. Auth., 180 AD3d 657, 659; Perkins v City of New York, 26 AD3d 483, 485).
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court