■ DEREK BURGESS, Appellant, v LONG ISLAND RAILROAD AUTHORITY, Respondent.—Order, Supreme Court, New York County (Herman Cahn, J.), entered on May 3, 1990, which granted the motion, pursuant to CPLR 3211 (a) (5), by defendant Long Island Railroad Authority to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff seeks to recover monetary damages for personal injuries he allegedly sustained on September 2, 1988 when he fell after disembarking from a Long Island Railroad train near the Amagansett Station. Although a notice of claim was served on November 22, 1988, the summons and complaint were not served upon the Long Island Railroad Authority until October 3, 1989.

The effective statute of limitations for actions in tort against the Long Island Railroad has repeatedly been held to be one year and thirty days after the occurrence of the alleged accident. (Public Authorities Law § 1276 [1], [2], [6]; *Andersen v Long Is. R. R.,* 59 NY2d 657, *rearg denied* 60 NY2d 586.)

Plaintiff nevertheless claims entitlement to a three day

extension of the limitations period merely because the accident occurred on a Friday evening, thereby allegedly preventing the plaintiff from presenting his claim until the offices of the Long Island Railroad Authority reopened on the following Monday morning. General Construction Law § 25-a (1) specifically provides, however, that an extension of the limitations period is permitted only when the limitations period *"ends* on a Saturday, Sunday or a public holiday", rather than commencing thereon. Moreover, it is well settled that a cause of action for personal injuries accrues, for purposes of calculating the statute of limitations, on the date of the accident *(Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 399).

We therefore find that the plaintiff has failed to establish any entitlement to a period of limitations greater than one year and thirty days and has failed to establish any conduct on the part of defendant Long Island Railroad Authority, or its agents, that would estop said defendant from interposing the defense of the statute of limitations *(Penner v National R. R. Passenger Corp.,* 98 AD2d 631). Concur—Sullivan, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.