■ Silva Swinton et al., Appellants, v City of New York et al., Respondents. [877 NYS2d 68]—

Order and judgment (one paper), Supreme Court, New York County (Paul G. Feinman, J.), entered April 22, 2008, which denied the petition for leave to file a late notice of claim nunc pro tunc and dismissed the proceeding, unanimously affirmed, without costs.

Petitioners were convicted in May 2003 of assault in the first degree, reckless endangerment in the first degree and endangering the welfare of a child in Supreme Court, Queens County, in connection with their failure to provide their child with proper nourishment. The judgments were later modified to vacate the convictions of reckless endangerment in the first degree under count two of the indictment, to vacate the sentences imposed thereon and to dismiss that count of the indictment; the judgments were otherwise affirmed (see People v Swinton, 21 AD3d 1039 [2005]). The Court of Appeals further modified the judgments by reducing the convictions of assault in the first degree to assault in the third degree and remitting the case to Supreme Court for resentencing (People v Swinton, 7 NY3d 776 [2006]). The Court held that the evidence was legally insufficient to prove beyond a reasonable doubt that petitioners acted with the culpable mental state of depraved indifference, but that the evidence was legally sufficient to support the determination that they acted recklessly (see id.). Upon resentencing, petitioners were released from prison on July 18, 2006, after having served three years of their original sentence.

Petitioners served a notice of claim on June 27, 2007, stating that their child was improperly taken from them based on an anonymous tip, they were arrested without a warrant or probable cause and after extensive negative publicity, were convicted

of assault in the first degree and reckless endangerment. Petitioners alleged false arrest, false imprisonment and malicious prosecution, and that their injuries included "civil rights violations, loss of services, physical injuries, emotional injuries and other damages." Petitioners then sought leave to file the late notice of claim nunc pro tunc.

Leave to file a late notice of claim should be denied where the claims are "patently meritless" (*see Matter of Catherine G. v County of Essex*, 3 NY3d 175, 178 [2004]). To the extent the subject notice of claim alleged false arrest and imprisonment and malicious prosecution, these claims are not viable in light of petitioners' conviction of assault in the third degree, which was upheld by the Court of Appeals. "[A] conviction which survives appeal [is] conclusive evidence of probable cause" (*see Broughton v State of New York*, 37 NY2d 451, 458 [1975], *cert denied* 423 US 929 [1975]), and thus, the finding of probable cause is fatal to each of the aforesaid causes of action (*see e.g. Martinez v City of Schenectady*, 97 NY2d 78, 84-85 [2001]).

Petitioners' negligence claim, which is based on personal injuries they allegedly suffered when they were arrested, is fatally defective because there is no cause of action for false arrest or false imprisonment sounding in negligence (*see Simon v State of New York*, 12 AD3d 171 [2004]).

Furthermore, since a notice of claim is not required to assert a claim for civil rights violations, the court properly denied the requested relief as to this claim as well (*see Tannenbaum v City of New York*, 30 AD3d 357 [2006]).

We have considered petitioners' remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Freedman, JJ.