OPINION OF THE COURT
Lawrence Knipel, J.
In this action brought to recover damages the court is confronted with an issue of first impression, namely whether the one-year-and-90-day statute of limitations contained in section 7401 of McKinney’s Unconsolidated Laws of NY (New York City Health and Hospitals Corporation Act § 20, as added by L 1969, ch 1016, § 1, as amended) or the three-year statute of CPLR 214 applies to actions asserting a violation of article 27-F of the Public Health Law, which affords confidentiality protection for HIV related information. Defendants New York City Health and Hospitals Corporation (HHC) and Kings County Hospital Center move to dismiss the complaint insofar as asserted against them, on the grounds that the claims are time-barred; plaintiff failed to comply with a condition precedent prior to suit; and failure to state a cause of action. In addition, it is asserted that Kings County Hospital Center is not an entity that has the capacity to be sued in its own right.
This is an action by plaintiff, a patient at Kings County Hospital Center, for “redress for Defendants’ wrongful acts that resulted in the disclosure, without her authorization, of plaintiffs statutorily-protected confidential HIV related information to her former boyfriend, and through him to various members of their community as well as the general public.”
According to the complaint, on or about June 23, 2007, plaintiff was admitted to Kings County Hospital for treatment of a stomach ulcer, and she called, among others, her former boyfriend, nonparty Joseph Belmare, to inform him of her admission. Two days after the phone call, defendant Gloria Belmare, Joseph’s mother and HHC employee, visited plaintiff in the hospital and asked plaintiff for her last name. Upon information and belief, it is alleged that defendant Belmare, although she was not providing any care or treatment to plaintiff and although she was not authorized to do so, accessed plaintiff’s confidential information in the Kings County Hospital medical records and informed her son that plaintiff was HIV-positive. As a consequence, plaintiff was harassed and threatened by her former boyfriend and his friends, ultimately resulting in the issuance of an order of protection against Joseph Belmare. As a result of the unauthorized disclosure, plaintiff claims to have *906 lost friends, suffered threats and menacing behavior, and suffered emotional harm and mental anguish.
These actions, it is alleged, violated article 27-F of the Public Health Law and the regulations promulgated thereunder, causing substantial harm. As a second claim, plaintiff alleged that defendants had a fiduciary duty to maintain the confidentiality of her HIV related information and they breached that duty in revealing her status to Joseph Belmare. Plaintiff seeks a declaration that defendants’ actions violated article 27-F of the Public Health Law; an award of compensatory damages; an award of punitive damages; and enjoining further illegal disclosures.
Plaintiff commenced this action by filing on June 25, 2010.
In this motion, HHC argues that pursuant to Unconsolidated Laws § 7401, an action against it for damages for injuries to real or personal property, or for the destruction thereof, or for personal injuries, must be commenced within one year and 90 days after the cause of action accrued. Moreover, that section provides that personal injury actions shall not be commenced unless a notice of intention to commence such action is filed within 90 days after the cause of action shall have accrued and that the provisions of General Municipal Law § 50-e shall apply to the notice. There is also a pleading requirement that the complaint shall allege that, at least 30 days have elapsed since the demand upon which the action is founded and the corporation refused to make payment on the claim.
Defendant seeks dismissal because:
(1) plaintiff has failed to allege she filed a notice of claim, and HHC records confirm that none was filed;
(2) the action is time-barred as more than one year and 90 days have elapsed since the cause of action accrued;
(3) HHC is only liable for employees’ tortious acts when performed in the course of employment, not here where the employee was pursuing personal motives unrelated to the furtherance of her employer’s business.
In opposition, plaintiff argues that the action was timely commenced because Unconsolidated Laws § 7401 and General Municipal Law § 50-e apply only to actions for injury to real or personal property or for personal injuries, not to all tort claims. For example, they do not apply to civil rights claims, and they should not apply to this action, which is governed by the three-year statute of limitations of CPLR 214 (2).
As for the argument that the complaint should be dismissed because the harm was caused by defendant Belmare, plaintiff *907 argues that article 27-F is a strict liability statute rendering HHC liable regardless of whether Belmare acted solely in advancement of her personal agenda. Further, plaintiff contends that dismissal is premature because plaintiff is entitled to take discovery regarding the capacity in which Belmare was acting and whether the hospital condoned the disclosure. Lastly, on the basis of HHC’s representations, “Plaintiff will withdraw her claim against Kings County.”
In reply, HHC argues that plaintiff cannot circumvent the shorter statute of limitations and notice of claim requirement by reframing claims which are, in essence, for personal injuries sounding in tort and therefore within the scope of section 7401. Citing the General Construction Law, HHC argues that the broad definition of personal injury would encompass the claims of emotional harm, mental anguish and harassment asserted here. Further, it is argued, to the extent CPLR 214 (2) and Unconsolidated Laws § 7401 (2) are in conflict, the latter should apply since it is more specific and was enacted later.
Additionally, defendant HHC denies that article 27-F is a strict liability statute and contends that when, as here, “it is apparent at the pleading stage that an employee was acting outside the scope of employment,” there is no need to await the completion of discovery to resolve respondeat superior claims.
In enacting article 27-F, the Legislature recognized that “maximum confidentiality protection for information related to” HIV and AIDS was
“an essential public health measure. In order to retain the full trust and confidence of persons at risk, the state has an interest both in assuring that HIV related information is not improperly disclosed and in having clear and certain rules for the disclosure of such information . . .
“The legislature also recognizes that strong confidentiality protections can limit the risk of discrimination and the harm to an individual’s interest in privacy that unauthorized disclosure of HIV related information can cause. It is the intent of the legislature that exceptions to the general rule of confidentiality of HIV related information be strictly construed” (L 1988, ch 584, § 1 [eff Feb. 1, 1989]).
Public Health Law § 2782 provides that “[n]o person who obtains confidential HLV related information in the course of providing any health or social service or pursuant to a release of *908 confidential HIV related information may disclose or be compelled to disclose such information, except to” certain enumerated persons or agents, such as the protected individual or any person to whom disclosure is authorized (Public Health Law § 2782 [1]). Any person who discloses confidential HIV related information in violation of section 2782 shall be subject to a civil penalty not to exceed $5,000 for each occurrence, and any person who willfully does so shall be guilty of a misdemeanor (Public Health Law § 2783 [1], [2]). A court may grant an order for disclosure of confidential HIV related information upon an application showing certain enumerated items, such as a compelling need for such disclosure for the adjudication of a criminal or civil proceeding, or a clear and imminent danger to an individual (Public Health Law § 2785 [2]).
Unconsolidated Laws § 7401 provides that in every action against the Health and Hospitals Corporation
“for damages for injuries to real or personal property, or for the destruction thereof, or for personal injuries or death, the complaint shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a director or officer of the corporation and that the corporation has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment” (Uncons Laws § 7401 [1]).
Except in an action for wrongful death,
“an action against the corporation for damages for injuries to real or personal property, or for the destruction thereof, or for personal injuries, alleged to have been sustained, shall not be commenced more than one year and ninety days after the cause of action thereof shall have accrued, nor unless a notice of intention to commence such action and of the time when and the place where the tort occurred and the injuries or damage, were sustained . . . All the provisions of section fifty-e of the general municipal law shall apply to such notice” (Uncons Laws § 7401 [2]).
A plaintiff claiming discrimination is not required to file a notice of claim pursuant to the General Municipal Law (Sebastian v New York City Health & Hosps. Corp., 221 AD2d 294 [1st Dept 1995] [section 7401 (2), which deals with actions against HHC, defines the torts for which a notice of claim is required *909 only as personal injury, wrongful death or damage to property and torts generally]; Mills v County of Monroe, 89 AD2d 776 [4th Dept 1982], affd 59 NY2d 307 [1983], cert denied 464 US 1018 [1983] [action brought under Executive Law § 296 is not a tort claim which falls under the notice provisions of the General Municipal Law, although the complaint was properly dismissed because of the applicability of County Law § 52, which had a notice requirement for any claim for damages, injury or death, or for invasion of personal or property rights of every name and nature]; accord Swinton v City of New York, 61 AD3d 557 [1st Dept 2009] [a notice of claim is not required to assert a claim for civil rights violations]; Tannenbaum v City of New York, 30 AD3d 357 [1st Dept 2006] [the notice requirements of the General Municipal Law apply only to tort and negligence actions and not to civil rights actions]).
As noted above, Unconsolidated Laws § 7401 requires the service of a notice of claim and provides for a one-year-and-90-day statute of limitations for an action against HHC for damages for injuries to real or personal property, or for the destruction thereof, or for personal injuries. It has been held that the notice of claim requirement and shortened statute of limitations applies only to actions for personal injury, wrongful death or damage to property, but does not refer to actions alleging discrimination (cf. County Law § 52 [notice of claim was necessary for any claim for damage, injury or death, or for invasion of personal or property rights, of every name and nature]).
HHC contends that this action should be dismissed as time-barred, arguing that it is essentially one for personal injuries. Plaintiff contends that it is more akin to an action for discrimination, which is not subject to the shortened statute of limitations or to the requirement for a notice of claim. This court agrees with plaintiff. Public Health Law article 27-F was enacted upon the recognition that “maximum confidentiality protection” for HIV related information was “an essential public health measure” and that “strong confidentiality protections can limit the risk of discrimination and the harm to an individual’s interest in privacy.” (L 1988, ch 584, § 1.) It provides that any person who discloses confidential HIV related information in violation of section 2782 shall be subject to a civil penalty, and that any person who willfully does so shall be guilty of a misdemeanor. These are characteristics of a claim based on statute, akin to a claim pursuant to the Executive Law for discrimination, and not a standard claim for personal injury. *910 It is apparent to this court that Public Health Law article 27-F was enacted to protect a vulnerable class of individuals and in this regard, is dissimilar to a standard personal injury action to which Unconsolidated Laws § 7401 applies. Thus, the requirement of the Unconsolidated Laws for service of a notice of claim within a shortened statute of limitations does not apply to this action.
Accordingly, the branch of the motion to dismiss this action as time-barred or for failure to comply with a condition precedent is denied. The branch of the motion to dismiss for failure to state a cause of action is denied with leave to renew after the completion of discovery, which should more fully disclose the context within which Belmare acted. The branch of the motion to dismiss the complaint insofar as asserted against Kings County Hospital Center is granted without opposition.