■ STANLEY WOLFSON et al., Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [2 NYS3d 79]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered April 5, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiffs' cross motion for leave to serve a late notice of claim upon defendant Phillip J. Mann, unanimously affirmed, without costs.

Plaintiff Stanley Wolfson's vehicle was allegedly struck by a

bus operated by defendant Mann and owned by nonparty MTA Bus Company, a subsidiary of defendant the Metropolitan Transportation Authority (MTA).

There is no evidence that plaintiff presented the requisite demand for settlement of his claims to MTA Bus Company within the then-applicable one-year statutory period for commencing a personal injury action against a public authority (*see* Public Authorities Law § 1276 [1], [former (2)]; *Arrigo v Metro-North Commuter R.R.*, 244 AD2d 208 [1st Dept 1997]; *see also Burgess v Long Is. R.R. Auth.*, 79 NY2d 777, 778 [1991]). Although there is no statutory or legal authority requiring service of a demand on an employee of a subsidiary of the MTA, the motion court properly determined that an action should not proceed against Mann individually, because MTA Bus Company, his employer, is the real party in interest (*see Albano v Hawkins*, 82 AD2d 871, 871 [2d Dept 1981]). Indeed, it is undisputed that Mann was operating the bus owned by the MTA Bus Company during the course of his employment when the accident occurred; therefore, he is entitled to indemnification from his employer (*see* Public Authorities Law § 1276 [3]; *Albano*, 82 AD2d at 871).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Acosta, J.P., Moskowitz, Richter, Feinman and Clark, JJ.