**Sapini v Ferrara**

2024 NY Slip Op 33109(U)

September 6, 2024

Supreme Court, New York County

Docket Number: Index No. 150940/2024

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. RICHARD A. TSAI** | **PART** | **21** |
| | *Justice* | | |

---------------------------------------------------------------------------X

JUSTIN SAPINI,

|  |  |
|---|---|
| | **INDEX NO.**     150940/2024 |

Plaintiff,

**MOTION DATE**     02/27/2024

- v -

**MOTION SEQ. NO.**     001

ANTHONY F. FERRARA, METRO-NORTH COMMUTER RAILROAD, METROPOLITAN TRANSPORTATION AUTHORITY,

**DECISION + ORDER ON MOTION**

Defendants.

---------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1, 6-35

were read on this motion to/for        DISMISS

LEAVE TO AMEND & SERVE LATE NOTICE OF CLAIM

were read on this cross motion for        .

Upon the foregoing documents, it is **ORDERED** that defendants' motion to dismiss the complaint is **GRANTED**, the complaint is dismissed, and the Clerk is directed to enter judgment in favor of these defendants accordingly, with costs and disbursements to defendants as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

      **ORDERED** that plaintiff's cross motion for leave to serve a late notice of claim and to amend the complaint is **DENIED.**

      In this action, plaintiff alleges that, on April 23, 2023, plaintiff was in a motor vehicle collision with a vehicle operated by defendant Anthony F. Ferrara, "who is a police officer with MTA and/or Metro-North, and that the vehicle that [he] was operating was allegedly owned and maintained by the Defendants" (NYSCEF Doc. No. 1, complaint ¶ 1).

      Instead of answering the complaint, defendants now move to dismiss the complaint on the grounds that the complaint failed to allege that plaintiff made a pre-suit demand at least 30 days before commencing the action, and that plaintiff did not serve a timely notice of claim.

      Plaintiff opposes the motion and cross-moves for leave to serve a late notice of claim and for leave to amend the complaint to allege, among other things, that plaintiff complied with presenting a claim to defendant Metro-North Commuter Railroad. Defendants oppose the cross motion.

150940/2024  SAPINI, JUSTIN vs. FERRARA, ANTHONY F. ET AL
Motion No. 001

Page 1 of 6

The court will address plaintiff's cross motion first, for if leave to serve a late notice of claim and leave to amend is granted, then defendants' motion to dismiss would be rendered academic.

I.      Plaintiff's Cross Motion

A. Leave to Serve a Late Notice of Claim

Where an action against the Metropolitan Transportation Authority (MTA) is founded on a tort (except for wrongful death), Public Authorities Law §1276 (2) requires service of a notice of claim upon MTA prior to the commencement of the action, "within the time limited by and in compliance with all of the requirements of section [50-e] of the general municipal law." General Municipal Law § 50-e (1) (a) provides that the notice of claim must be served "within ninety days after the claim arises."

Under General Municipal Law § 50-e (5), courts have discretion to grant an extension of time for service of a notice of claim.

> "In determining whether to grant or deny leave to serve a late notice of claim, the court must consider 'in particular' whether the municipality 'acquired actual knowledge of the essential facts constituting the claim within [90 days of the claim's accrual] or within a reasonable time thereafter.' Courts are to place 'great weight' on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence"

(*Matter of Jaime v City of New York*, 41 NY3d 531, 540 [2024] [internal citations omitted]).

> "Additionally, the statute requires the court to consider 'all other relevant facts and circumstances' and provides a 'nonexhaustive list of factors that the court should weigh. One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.'"

(*Matter of Newcomb v Middle Country Cent. School Dist*., 28 NY3d 455, 460-461 [2016] [internal citation omitted]).

The Appellate Divisions have held that courts must also consider whether petitioner has a reasonable excuse for the delay, but the "failure to offer a reasonable excuse is not necessarily fatal" (*Clarke v New York City Tr. Auth*., 222 AD3d 552, 553 [1st Dept 2023]; *Guerre v New York City Tr. Auth*., 226 AD3d 897, 898 [2d Dept 2024]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Guerre*, 226

**150940/2024 SAPINI, JUSTIN vs. FERRARA, ANTHONY F. ET AL**           **Page 2 of 6**
**Motion No. 001**

2 of 6

[* 2]

AD3d at 898 [quotation marks and citation omitted]). Thus, plaintiff essentially needs to prove only the first two factors to be entitled to leave to serve a late notice of claim.

The court notes that plaintiff gave no excuse as to why plaintiff had not timely served a notice of claim upon the MTA.

### 1. Actual Knowledge of the Essential Facts

Plaintiff contends that the MTA had notice of the accident giving rise to the claim within 90 days of the accident because "MTA rules and regulations state that an MTA employee must advise his superiors of any motor vehicle accident" (plaintiff's memo of law, at 3).

Plaintiff's reliance upon the "MTA rules and regulations" (Plaintiff's Exhibit D in support of cross motion [NYSCEF Doc. No. 18]) is misplaced. First, the name of the Metropolitan Transportation Authority does not appear on this document. Rather, this document pertains to "the employees of the MTA New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, and the South Brooklyn Railway" (*see id.*). Second, even assuming for the sake of argument that employees of the MTA were required to report a motor vehicle collision, plaintiff's contention of the MTA's knowledge would be based on speculation.

Ferrara's knowledge of the motor vehicle collision does not constitute actual knowledge imputed to the MTA. The Court of Appeals recently rejected this argument, reasoning

"Allowing imputation in every case would undermine the purpose of the notice of claim requirement because not every employee's knowledge will necessarily afford the municipality an opportunity to commence a prompt investigation. Generally, knowledge of essential facts as to time and place by an actor *in a position to investigate* will suffice"

(*Matter of Jaime*, 41 NY3d at 540 [emphasis added]). Because plaintiff did not submit evidence that Ferrara was in a position to investigate, Ferrara's knowledge of the collision is not sufficient.

Although not argued by plaintiff, the court notes that the police accident report (*see* Plaintiff's Exhibit C in support of cross motion [NYSCEF Doc. No. 17]) does not prove that the MTA had actual knowledge of the essential facts constituting the claim (*see Durand v MV Transportation*, Inc., 186 AD3d 564 [2d Dept 2020] ["The fact that the New York City Police Department had knowledge of this accident, without more, cannot be considered actual knowledge by the [MTA and New York City Transit Authority] of the essential facts underlying the claim"]).

**150940/2024   SAPINI, JUSTIN vs. FERRARA, ANTHONY F. ET AL**
**Motion No.  001**

Page 3 of 6

3 of 6

[* 3]

## 2. Substantial Prejudice

"[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb*, 28 NY3d at 466).

For example, if a transitory condition allegedly caused the petitioner's injuries, a petitioner demonstrates lack of prejudice if the condition would no longer have existed even if timely service had been made (*see Camins v New York City Hous. Auth.*, 151 AD3d 589, 590 [1st Dept 2017]; *Matter of Rivera v City of New York*, 127 AD3d 445, 446 [1st Dept 2015]). Or, if a premises condition had not changed since the date of the alleged accident, such that an investigation would still be possible despite the late notice (*Fredrickson v New York City Hous. Auth.*, 87 AD3d 425, 425 [1st Dept 2011]).

"Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb*, 28 NY3d at 467). "Substantial prejudice may not be inferred solely from the delay in serving a notice of claim" (*id.* at 468 n 7).

Here, plaintiff does not address the issue of substantial prejudice. Accordingly, plaintiff did not meet his initial burden.

In conclusion, the branch of plaintiff's motion for leave serve a late notice of claim upon the MTA is denied (*Matter of Smiley v Metropolitan Transportation Auth.*, 168 AD3d 631 [1st Dept 2019]).

### B. Leave to amend the complaint

Plaintiff seeks leave to amend the complaint to allege, among other things, that he complied with the requirement of a pre-suit demand upon defendant Metro-North Commuter Railroad (*see* plaintiff's Exhibit K in support of cross motion, proposed amended complaint ¶ 47 [NYSCEF Doc. No. 25]).

CPLR 3025 (b) provides that a party may amend its pleadings "at any time by leave of [the] court," which "shall be freely given upon such terms as may be just". It further provides that "[a]ny motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading."

"[T]he movant need not establish the merits of the proposed amendment and, "[i]n the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Nyahsa Servs., Inc., Self-Ins. Tr. v*

**150940/2024 SAPINI, JUSTIN vs. FERRARA, ANTHONY F. ET AL**
**Motion No. 001**

**Page 4 of 6**

4 of 6

*People Care Inc.*, 156 AD3d 99, 102 [3d Dept 2017] [internal quotation marks, brackets and citation omitted]).

Here, plaintiff's counsel contends that the requirement of a pre-suit demand was met because he corresponded and spoke with an adjuster for Metro-North Commuter Railroad on February 20, 2024 (plaintiff's mem of law at 6; *see also* plaintiff's Exhibits F and in support of cross motion [NYSCEF Doc. Nos. 20-21]).

However, as defendants' counsel points out, because the communications with an adjuster occurred after this action had been commenced on February 1, 2024, those communications cannot constitute a pre-suit demand. The proposed amended complaint is therefore patently devoid of merit.

In sum, plaintiff's cross motion is denied in its entirety.

II.      Defendants' cross motion to dismiss

The complaint is dismissed as against the MTA, because plaintiff did not serve a timely notice of claim upon it, as required under Public Authorities Law § 1276 (2). The complaint fails to allege that a timely notice of claim was served upon the MTA at least 30 days prior to commencement of this action (Public Authorities Law § 1276 [1]).

Because Metro-North Commuter Railroad is a subsidiary corporation of the MTA, a notice of claim is not required (*see* Public Authorities Law § 1276 [6]; *see Andersen v Long Is. R.R. Auth.*, 59 NY2d 657; *see also Burgess v Long Is. R.R. Auth.*, 172 AD2d 302 [1991]; *Stampf v Metropolitan Transp. Auth.*, 57 AD3d 222 [1st Dept 2008]).

However, as defendants point out, Public Authorities Law § 1276 (1) nevertheless applies and requires that the complaint allege that a pre-suit demand was made upon the subsidiary at least 30 days prior to commencement of suit against the subsidiary, and that the subsidiary "neglected or refused to make an adjustment or payment thereof." (*See Andersen v Long Is. R.R.*, 59 NY2d 657). Here, the complaint did not contain this allegation, and plaintiff's cross motion for leave to amend the complaint to allege compliance with the requirement of a pre-suit demand was denied.

Thus, the complaint is also dismissed as against defendant Metro-North Commuter Railroad.

As to defendant Ferrara, defendants do not cite any section of the Public Authorities Law which requires service of a notice of a claim to maintain an action against an employee of the MTA, assuming that Ferrara is an MTA employee. While Public Authorities Law § 1276 (3) requires the MTA to assume the liability of an employee for negligence in the operation of a vehicle owned by the MTA, it does not extend the requirement of a notice of claim to an action against the employee for such negligence (*compare with* Public Authorities Law § 1212 [4]).

**150940/2024   SAPINI, JUSTIN vs. FERRARA, ANTHONY F. ET AL**                              **Page 5 of 6**
**Motion No.  001**

[* 5]                                                                          5 of 6

Assuming that Ferrara is an employee of defendant Metro-North Commuter Railroad, "there is no statutory or legal authority requiring service of a demand on an employee of a subsidiary of the MTA" (*Wolfson v Metropolitan Transp. Auth*., 123 AD3d 635, 636 [1st Dept 2014]).

Nevertheless, the action should not proceed against Ferrara individually, because either the MTA or Metro-North Commuter Railroad is his employer, who is the real party in interest, and the action has been dismissed as against them (*Wolfson*, 123 AD3d at 636).

Thus, the complaint is also dismissed as against defendant Ferrara.

20240906185741RTSAI1D8FF3455EE9491397784A793E62C9D0

| 9/6/2024 | | | RICHARD TSAI, J.S.C. |
|---|---|---|---|
| **DATE** | | | |

| CHECK ONE: | **X** CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| Defendants' Motion | **X** GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| Plaintiff's Cross Motion | ☐ GRANTED | **X** DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**150940/2024   SAPINI, JUSTIN vs. FERRARA, ANTHONY F. ET AL**
**Motion No.  001**

Page 6 of 6