| |
|---|
| **Vargas v MTA Bus Co.** |
| 2024 NY Slip Op 33582(U) |
| October 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150611/2019 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. RICHARD TSAI                                    PART        21

*Justice*

-------------------------------------------------------------------------------X

NANCY MARIN VARGAS,

                Plaintiff,

           - v -

MTA BUS COMPANY, TIME WARNER ENTERTAINMENT
COMPANY, L.P., NEIL O. SMITH and AMBROSE N.
GRANT,

                Defendants.

-------------------------------------------------------------------------------X

| INDEX NO. | 150611/2019 |
| MOTION DATE | 05/17/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 72-105

were read on this motion to/for                 JUDGMENT – SUMMARY .

Upon the foregoing documents, it is **ORDERED** that plaintiff's motion for partial summary judgment as to liability is **GRANTED TO THE EXTENT** that partial summary judgment is granted on the issue of liability only in plaintiff's favor as against defendants MTA Bus Company and Neil O. Smith; and it is further

      **ORDERED** that the first affirmative defense of plaintiff's culpable conduct in the answer of defendants MTA Bus Company and Neil O. Smith is stricken; and the second affirmative defense of plaintiff's culpable conduct in the answer of defendants Time Warner Entertainment Company, L.P. and Ambrose N. Grant is stricken; and it is further

      **ORDERED** that plaintiff's motion is otherwise denied; and it is further

      **ORDERED** that the parties are directed to appear for the previously scheduled, in-person, status conference in courtroom **280** at 80 Centre Street, New York, NY on **January 9, 2025** at **2:15 p.m**.

      In this personal injury action arising out of a motor vehicle collision, plaintiff now moves for partial summary judgment as to liability in her favor against defendants, and to strike their affirmative defenses of plaintiff's culpable conduct. Defendants MTA Bus Company and Neil O. Smith (collectively, the Transit Defendants) oppose the motion. Defendants Time Warner Entertainment Company, L.P., and Ambrose N. Grant (collectively, the Time Warner Defendants) partially oppose the motion.

      "On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering

150611/2019   VARGAS, NANCY MARIN vs. MTA BUS COMPANY
Motion No.  004

Page 1 of 4

[* 1]

sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

At her deposition, plaintiff testified that, on June 22, 2018, at approximately 3:00 p.m., she was a passenger on the Q49 bus (*see* plaintiff's Exhibit L in support of motion, plaintiff's EBT at 18, line 12 through 19, line 5). Plaintiff stated that she was seated in the back, next to the window on the same side as the driver (*id.* at 25, lines 19-20; at 26, lines 4-9). According to plaintiff, an accident occurred at 34th Avenue and 89th Street, approximately 15 minutes after she boarded the bus (*id.* at 31, lines 18-20; at 32, lines 21-25). Plaintiff testified that she "heard like a loud noise. Like it crashed with something," and she felt an impact pushing her towards the front and then towards the back (*id.* at 33, lines 20-25; at 34, lines 13-14).

At his deposition, defendant Neil O. Smith testified that, on June 22, 2018, at approximately 2:34 p.m., he was the bus operator of a bus on the Q49 bus route (*see* plaintiff's Exhibit M, Smith EBT, at 36, lines 11-15 [NYSCEF Doc. No. 89]). Smith recalled that he had an accident at 89th Street and 34th Avenue (*id.* at 39, lines 9-13). Smith testified he saw a Spectrum work van in front of the bus, as soon as Smith had made the turn onto 89th Street (*id.* at 42, lines 9-13). Smith described the Spectrum van as a white and blue "little pickup truck," with one or two ladders on top of the left and right sides (*id.* at 46, lines 7-8, 11-25). According to Smith, one ladder extended past the end of the truck, "all the way out," "a good length" past the back of the truck (*id.* at 47, lines 5-9; at 48, lines 11-15).

Smith testified that the truck "made a sudden stop," and "that's when the – the ladder – I tried to, you know, maneuver, and the ladder made contact with my windshield" (*id.* at 61, lines 18-21). In the Transit Defendants' answer, defendant MTA Bus Company admitted that it was the owner of the bus and that Smith was the operator of the bus (*see* plaintiff's Exhibits B and C in support of motion ¶¶ 26, 32 [NYSCEF Doc. Nos. 78 and 79]).

At his deposition, defendant Ambrose N. Grant testified that, on June 22, 2018, he was involved in an accident which occurred on June 22, 2018, at about 2:00 or 3:00 in the afternoon (plaintiff's Exhibit N in support of motion, Ambrose EBT, at 41, lines 6-11, 20-23 [NYSCEF Doc. No. 90]). Grant stated that he was driving a Chevy van, and that he was driving that vehicle as part of his job for his employer, Spectrum (*id.* at 41, line 24 through 42, line 5; at 42, line 11, lines 22-23).

Grant testified that his vehicle was stopped at a red light (*id.* at 60, line 24 through 61, line 2), and that when the light turned green, he proceeded to make a right turn (*id.* at 61, lines 16-20). Grant stated that he did not complete the turn because some kids were crossing the street, and a crossing guard instructed him to stop (*id.* at 62, lines 3-12). According to Grant, while the kids were crossing the street, he then heard a boom (*id.* at 62, lines 19-23). When asked what caused the boom, Grant

[* 2]

answered, "The M.T.A. bus hit the truck, hit the ladder of the truck" (*id*. at 62, line 24 through 63, line 3).

> "A rear-end collision with a stopped vehicle, or one slowing down, establishes a prima facie case of negligence by the operator of the rear-ending vehicle, unless he or she gives an adequate nonnegligent explanation for the accident"

(*Alvarez v Bracchitta*, 210 AD3d 458, 459 [1st Dept 2022]).  Here, plaintiff met the prima facie burden of establishing Smith's negligence, based on Grant's testimony that his vehicle was stopped, and on Smith's testimony that the bus collided with the ladder on Grant's vehicle.

The Transit Defendants failed to rebut the presumption of Smith's negligence and did not raise a triable issue of fact as to a defense based on the emergency doctrine.

Although the Transit Defendants argue that Grant's vehicle suddenly stopped (*see* affirmation of Transit Defendants' counsel ¶¶ 9-10), "a claim that the lead driver came to a sudden stop, standing alone, is insufficient to rebut the presumption that the rearmost driver was negligent and the stopped vehicle was not negligent" (*Ly Giap v Hathi Son Pham*, 159 AD3d 484, 485 [1st Dept 2018]).  Because "[t] he emergency doctrine applies only to circumstances where an actor is confronted by a sudden and unforeseen occurrence not of the actor's own making . . . it is typically not available to defendants in rear-end collisions particularly where, as here, the driver was obligated to maintain a safe rate of speed and a reasonable distance between the vehicles (*Jacobellis v New York State Thruway Auth.*, 51 AD3d 976, 977 [2d Dept 2008] [internal citations omitted]).

The Transit Defendants' argument that plaintiff failed to serve a notice of claim upon them is unavailing.  Because the MTA Bus Company is a subsidiary of defendant Metropolitan Transportation Authority (*see e.g. Watkins-Bey v City of New York*, 174 AD3d 553, 555 [2d Dept 2019]; *Wolfson v Metropolitan Transp. Auth.*, 123 AD3d 635, 636 [1st Dept 2014]), service of a notice of claim as a condition precedent to suit is not required for claims against the MTA Bus Company (*see* Public Authorities Law § 1276 [6]; *see Andersen v Long Is. R.R. Auth.*, 59 NY2d 657; *see also Burgess v Long Is. R.R. Auth.*, 172 AD2d 302 [1991]; *Stampf v Metropolitan Transp. Auth.*, 57 AD3d 222 [1st Dept 2008]).

Thus, plaintiff is entitled to partial summary judgment as to liability in her favor against defendants MTA Bus Company and Smith. As the incident occurred within the scope of Smith's employment as a bus operator, and the MTA Bus Company admitted ownership of the vehicle, the MTA Bus Company is vicariously liable for Smith's negligence under the doctrine of respondeat superior (*Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Ryga v New York City Tr. Auth.*, 17 AD3d 561, 562 [2d Dept 2005]).

**150611/2019   VARGAS, NANCY MARIN vs. MTA BUS COMPANY**
**Motion No.  004**

**Page 3 of 4**

3 of 4

[* 3]

To be clear, the determination of fault of defendants MTA Bus Company and Smith as a matter of law on this motion does not include the issue of whether plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d), "which is a threshold matter separate from the issue of fault" (*Reid v Brown*, 308 AD2d 331, 332 [1st Dept 2003]).

Summary judgment as to liability in plaintiff's favor against the Time Warner Defendants is denied. As the Time Warner Defendants point out, plaintiff did not establish that Grant's operation of his vehicle was negligent. "[A]n innocent passenger must still establish a defendant driver's liability under traditional principles of tort liability in order to prevail on the issue of liability against that driver" (*Campbell v Mincello*, 184 AD3d 412 [1st Dept 2020]). Here, Grant, the driver of the lead vehicle, which was stopped, is presumed not negligent (*Giap*, 159 AD3d at 485; *see also Soto-Maroquin v Mellet*, 63 AD3d 449, 450 [1st Dept 2009]).

However, plaintiff is entitled to summary judgment dismissing the affirmative defenses of the Transit Defendants and the Time Warner Defendants of plaintiff's culpable conduct, as they failed to raise an issue of fact as to plaintiff's negligence.

20241008112130RTSAIA90373406FC3448CAAFB79738F89A81B

| | | |
|---|---|---|
| **10/8/2024** | | **RICHARD TSAI, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**150611/2019   VARGAS, NANCY MARIN vs. MTA BUS COMPANY**                Page 4 of 4
**Motion No.  004**

4 of 4