**Su Jeong Lee v New York City Tr. Auth.**

2025 NY Slip Op 32918(U)

August 19, 2025

Supreme Court, New York County

Docket Number: Index No. 158897/2024

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. RICHARD TSAI**

*Justice*

-----------------------------------------------------------------------------X

SU JEONG LEE,

Petitioner,

- v -

NEW YORK CITY TRANSIT AUTHORITY, MTA BUS
COMPANY, METROPOLITAN TRANSIT AUTHORITY,
CITY OF NEW YORK, and J. HERNANDEZ,

Respondents.

-----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 21 |
| INDEX NO. | 158897/2024 |
| MOTION DATE | 11/19/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + JUDGMENT ON PETITION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-34

were read on this petition for              LEAVE TO SERVE A LATE NOTICE OF CLAIM    .

Upon the foregoing documents, it is **ADJUDGED** that the petition is **DENIED**, and the proceeding is dismissed.

Petitioner seeks leave to serve a late notice of claim upon respondents, alleging that, on October 16, 2023, at approximately 9:00 a.m., plaintiff was a passenger on bus number 3169, who was injured when the bus braked abruptly and suddenly, causing petitioner to be thrown from the front steps of the bus onto the ground (see exhibit D in support of petition, proposed notice of claim [NYSCEF Doc. No. 7]).

Respondent New York City Transit Authority (NYCTA) opposes the petition. Respondents MTA Bus Company and Metropolitan Transportation Authority, sued herein as the Metropolitan Transit Authority, also separately oppose the petition. The City opposes the petition.

The petition is denied as academic as to respondent MTA Bus Company. The MTA Bus Company is a subsidiary corporation of the Metropolitan Transportation Authority (*see Rampersaud v Metropolitan Transp. Auth.*, 73 AD3d 888 [2d Dept 2010]; *see also* affirmation of counsel in opposition to petition ¶ 5 [NYSCEF Doc. No. 30] ["MTA BUS was created to serve as a subsidiary corporation"]). A notice of claim is not required for subsidiaries of the Metropolitan Transportation Authority (*see* Public Authorities Law § 1276 [6]; *see Andersen v Long Is. R.R. Auth.*, 59 NY2d 657 [1983]; *see also Burgess v Long Is. R.R. Auth.*, 172 AD2d 302 [1991]; *Stampf v Metropolitan Transp. Auth.*, 57 AD3d 222 [1st Dept 2008]).[1]

---

[1] Although a notice of claim is not required, Public Authorities Law § 1276 (1) nevertheless requires that a complaint in an action must allege that a pre-suit demand was made upon the

**158897/2024   LEE, SU JEONG vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**          **Page 1 of 4**
**Motion No.  001**

[* 1]

The petition is denied as to respondents New York City Transit Authority (NYCTA) and the City of New York.

"Leave is not appropriate for a patently meritless claim" (*Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]; *Swinton v City of New York*, 61 AD3d 557, 558 [1st Dept 2009]). Here, the NYCTA and the City assert that bus number 3169 is owned by respondent MTA Bus Company, as evidenced by an MTA Bus Company Accident Information Exchange form which indicated bus # 3169 and "Bus Owner: MTA Bus Company"—a form which petitioner received from the bus operator after he allegedly helped petitioner up from the ground (*see* verified petition ¶ 7; *see also* exhibit A in support of petition [NYSCEF Doc. No. 9]). Petitioner did not rebut this argument.

As to respondent Metropolitan Transportation Authority, sued herein as Metropolitan Transit Authority, under General Municipal Law § 50-e (5), courts have discretion to grant an extension of time for service of a notice of claim.

> "In determining whether to grant or deny leave to serve a late notice of claim, the court must consider 'in particular' whether the municipality 'acquired actual knowledge of the essential facts constituting the claim within [90 days of the claim's accrual] or within a reasonable time thereafter.' Courts are to place 'great weight' on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence" (*Matter of Jaime v City of New York*, 41 NY3d 531 [2024] [internal citations omitted]).

> "Additionally, the statute requires the court to consider 'all other relevant facts and circumstances' and provides a 'nonexhaustive list of factors that the court should weigh'. One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits'"(*Matter of Newcomb v Middle Country Cent. School Dist.*, 28 NY3d 455, 460-461 [2016] [internal citation omitted]).

The Appellate Divisions have held that courts must also consider whether petitioner has a reasonable excuse for the delay, but the "failure to offer a reasonable excuse is not necessarily fatal" (*Clarke v New York City Tr. Auth.*, 222 AD3d 552, 553 [1st Dept 2023]; *Guerre v New York City Tr. Auth.*, 226 AD3d 897, 898 [2d Dept 2024]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Guerre*, 226 AD3d at 898 [quotation marks and citation omitted]). Thus, petitioner essentially needs to prove only the first two factors to be entitled to leave to serve a late notice of claim.

---

subsidiary at least 30 days prior to commencement of suit against the subsidiary, and that the subsidiary "neglected or refused to make an adjustment or payment thereof" (*see Andersen*, 59 NY2d at 661).

**158897/2024   LEE, SU JEONG vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**              **Page 2 of 4**
**Motion No. 001**

2 of 4

[* 2]

Reasonable excuse

Here, petitioner has not provided a reasonable excuse for her delay in serving the notices of claim. "Petitioner's assertion that [petitioner] was unaware of the requirement that [petitioner] file a notice of claim within 90 days of [their] accident is not a reasonable excuse for failing to file a timely notice" (*Matter of Montero v City of New York*, 176 AD3d 614, 615 [1st Dept 2019]; *Gaudio v City of New York*, 235 AD2d 228, 228 [1st Dept 1997]). Contrary to petitioner's counsel's contention, respondents had no duty to inform petitioner of the requirement to timely serve a notice of claim.

Actual knowledge of the essential facts

Petitioner contends that respondents had timely actual knowledge of the incident because the bus driver was an agent of respondents (*see* affirmation of petitioner's counsel in support of petition ¶¶ 16 [NYSCEF Doc. No. 3]). Additionally, petitioner asserts that "an MTA employee" met her at the emergency room of New York Presbyterian Hospital "and advised me that if I needed anything I should call the MTA at the following number . . . After I left the hospital, I called the number and was mailed what I found to be no-fault forms" (verified petition ¶ 9 [NYSCEF Doc. No. 1]). Petitioner claims that she filled out the forms and mailed them back, but was then advised that they were never received, so she mailed a second set of no-fault forms back (*id.*).

To the extent that petitioner is arguing that actual knowledge was imputed to respondents because their employee allegedly caused the incident, the Court of Appeals rejected this argument, reasoning

> "Allowing imputation in every case would undermine the purpose of the notice of claim requirement because not every employee's knowledge will necessarily afford the municipality an opportunity to commence a prompt investigation. Generally, knowledge of essential facts as to time and place by an actor *in a position to investigate* will suffice" (*Matter of Jaime*, 41 NY3d at 540 [emphasis added]).

Because the bus operator is not in a position to investigate, the bus operator's alleged knowledge of the incident is not sufficient.

Although petitioner claims that "an MTA employee" met her at the emergency room, this is not sufficient to establish that an employee from the Metropolitan Transportation Authority was present (as opposed to an employee of the MTA Bus Company, the owner of the bus in which petitioner was injured). Indeed, in reply, petitioner submitted stated at her statutory hearing that, "someone from MTA Bus Company came" (*see* exhibit A in reply, statutory hearing tr. at 30, line 18 [NYSCEF Doc. No. 34]).

**158897/2024   LEE, SU JEONG vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**                    **Page 3 of 4**
**Motion No.  001**

[* 3]

3 of 4

Petitioner did not show that the telephone number that she called was connected in any way to the Metropolitan Transportation Authority (as opposed to the MTA Bus Company). The no-fault forms which petitioner completed (which she obtained from calling the telephone number) were clearly from the MTA Bus Company, and they were to be sent back to the MTA Bus Company in Flushing, New York (*see* exhibit C in support of petition [NYSCEF Doc. No. 6]).

Therefore, petitioner has not demonstrated that the Metropolitan Transportation Authority timely acquired actual knowledge of the essential facts constituting petitioner's claims.

Substantial prejudice

"[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb*, 28 NY3d at 466).

Here, petitioner did not come forward with any evidence or plausible argument to meet petitioner's initial burden. Petitioner's argument of lack of substantial prejudice was based on the premise that respondent Metropolitan Transportation Authority had timely acquired actual knowledge of the essential facts constituting petitioner's claims, which was rejected for the reasons discussed above.

Thus, the petition is denied as to respondent Metropolitan Transportation Authority.

Finally, the petition is denied as to respondent J. Hernandez, the alleged bus operator, as there is no proof of service of the petition and supporting papers upon this respondent.

20250819175647RTSAIF604EB512B14461881BFFFB55E015364

**8/19/2025**
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |