## Hayward v New York City Tr. Auth.

2026 NY Slip Op 30793(U)

March 9, 2026

Supreme Court, New York County

Docket Number: Index No. 156692/2025

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:   **HON. RICHARD TSAI** | PART            21 |
| *Justice* | |

--------------------------------------------------------------------------------X

VERANICA HAYWARD, AS ADMINISTRATOR OF THE
ESTATE OF SHAWN RUSSELL GOODING,

                         Plaintiff,

                  - v -

NEW YORK CITY TRANSIT AUTHORITY, MARCEL
DIEUDONNE, METROPOLITAN TRANSPORTATION
AUTHORITY, MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY D/B/A MABSTOA,
MTA BUS COMPANY, and THE CITY OF NEW YORK

                        Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156692/2025 |
| MOTION DATE | 07/09/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1, 11-27

were read on this motion to/for        LEAVE TO AMEND NOTICE OF CLAIM    .

Upon the foregoing documents, it is **ORDERED** that plaintiff's motion, by order to show cause, for leave to amend a notice of claim, or in the alternative, for leave to file a late notice of claim, is **GRANTED IN PART TO THE EXTENT THAT** plaintiff is granted leave to amend a notice of claim dated May 28, 2024 to reflect that plaintiff is the administrator of the Estate of decedent Shawn Gooding, and all other proposed amendments are otherwise denied; and it is further

     **ORDERED** that plaintiff must serve an amended notice of claim reflecting her status as the administrator of the Estate of Shawn Gooding within 30 days after service of a copy of this order with notice of entry upon plaintiff; and it is further

     **ORDERED** that the parties are directed to appear in person for a preliminary conference in IAS Part 21, 80 Center Street Room 280, New York, New York, on **May 14, 2026 at 2:15 p.m.**

     On March 1, 2024 at approximately 10:40 p.m., at the southwest corner of East 10th Street and Avenue D in Manhattan, decedent Shawn Russell Gooding was a pedestrian who allegedly tripped and fell into a crosswalk, where he was then allegedly struck and run over by an articulated bus making a right turn on to Avenue D (*see* plaintiff's Exhibit A in support of motion, notice of claim [NYSCEF Doc. No. 13]). According to the notice of claim, the sidewalk and curb at the southwest corner was dangerous and defective, which caused Gooding to trip and fall (*id.*).

[* 1]

On or about May 28, 2024, plaintiff allegedly served notices of claim upon the City of New York, Metropolitan Transportation Authority, the New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, MTA Bus Company, and MTA Regional Bus Operations (*see* affirmation of plaintiff's counsel in support of motion ¶¶ 4-8).[1]  The original notice of claim named plaintiff as the Proposed Administrator for the decedent, Shawn Gooding (*see* plaintiff's Exhibit A in support of motion]).

Plaintiff now moves for leave to amend a notice of claim to reflect that plaintiff has been appointed as the administrator of the Estate of Shaw Russell Gooding (*see* affirmation of plaintiff's counsel in support of motion ¶ 18 [NYSCEF Doc. No. 12]). According to plaintiff's counsel, the Surrogate's Court issued limited letters of administration to plaintiff on May 14, 2025, eight days before she commenced this action (*see id.* ¶ 11).

Defendants New York City Transit Authority, Marcel Dieudonne, Metropolitan Transportation Authority, Manhattan and Bronx Surface Transit Operating Authority d/b/a MaBSTOA, and MTA Bus Company (collectively, the Transit Defendants) partially oppose the motion.  They do not oppose the portion of the motion to amend the notice of claim to reflect plaintiff's status as the administrator.  However, the Transit Defendants contend that proposed amended notice of claim adds new claims that are purportedly time-barred.

Amendment of a notice of claim "is permitted only where the error in the original notice of claim was made in good faith, the municipality is not prejudiced, and the amendment does not substantively change the nature of the claim" (*Pisano v Metropolitan Transp. Auth.*, 191 AD3d 907, 908 [2d Dept 2021]; *see* General Municipal Law § 50-e [6]).  "[A]mendments that create new theories of liability do not fall within the purview of General Municipal Law § 50–e (6)" (*Matter of Corwin v City of New York*, 141 AD3d 484, 488 [1st Dept 2016]).  In that situation, leave to amend must be sought pursuant to General Municipal Law § 50-e (5) (*see id.* at 489).

Here, leave to amend the notice of claim to reflect plaintiff's status as the administrator of Estate of decedent Shawn Russell Gooding is granted.

However, as the Transit Defendants point out, the proposed amended notice of claim also adds claims of conscious pain and suffering, pre-impact terror, fear of impending death, funeral costs, and punitive damages. Leave to amend the notice of claim pursuant to General Municipal Law § 50-e (6) to include all those proposed claims is denied.

---

[1] Although plaintiff's counsel claims that the notices of claim were acknowledged and accepted, the proof of acknowledgment was not submitted.  Instead, affidavits of service of the summons and complaint for service purportedly made on May 30, 2025 were submitted (*see* Exhibits B-F in support of motion [NYSCEF Doc. Nos. 14-18]).

**156692/2025   VERANICA HAYWARD, AS ADMINISTRATOR OF THE ESTATE OF          SHAWN          Page 2 of 4**
**RUSSELL GOODING, vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  001**

2 of 4

[* 2]

The Transit Defendants argue that the claims of conscious pain and suffering, pre-impact terror, and fear of impending death substantively changed the nature of claims set forth in the original notice of claim, by introducing new causes of action (*see* affirmation of Transit Defendants' counsel ¶¶ 16-21 [NYSCEF Doc. No. 27]).

The court disagrees. Such claims are not outside the scope of the original notice of claim, and the proposed claims did not impermissibly introduce new causes of action.

The original notice of claim did not solely allege a cause of action for wrongful death. It states, in relevant part, "This is a claim to recover damages for the *severe personal injuries*, economic damages and wrongful death damages . . ." (*see* plaintiff's Exhibit A in support of motion [emphasis added]). The original notice of claim included, as items of damage, "a severe shock to his nervous system, certain internal injuries . . . *severe physical pain and mental anguish, emotional and psychological damage as a result thereof*, and death" (*see id.* [emphasis added]).

In the court's view, conscious pain and suffering, pre-impact terror, and fear of impending death can all be fairly implied from the allegations of severe physician pain and mental anguish, emotional and psychological damage and death contained in the original notice of claim (*cf. Perry v New York City Hous. Auth.*, 116 AD3d 511 [1st Dept 2014] [notice of claim fairly implied the more specific allegations set forth in the bill of particulars]). "Preimpact terror is a sub-category of conscious pain and suffering" (*Matter of 91st St. Crane Collapse Litig.*, 154 AD3d 139, 153 [1st Dept 2017]).

Nevertheless, plaintiff has not demonstrated entitlement to amendment pursuant to General Municipal § 50-e (6). Plaintiff does not state that the proposed amendments to add conscious pain and suffering, pre-impact terror, fear of impending death, and funeral costs as additional items of damage were omitted from the original notice of claim due to any mistake or error, which was made in good faith.

Additionally, plaintiff cannot recover punitive damages against the Transit Defendants, as they are public benefit corporations (*see Clark-Fitzpatrick, Inc. v Long Is. R. Co.,* 70 NY2d 382, 387 [1987] ["in light of the essential public function served by defendant in providing commuter transportation and the public source of much of its funding, that defendant should receive the same immunity from punitive damages as do the State and its political subdivisions"]; *Karoon v New York City Tr. Auth.*, 241 AD2d 323, 324 [1st Dept 1997]). Thus, so much of the amended notice of claim that seeks to add a claim of punitive damages is denied on the ground that the proposed claim is patently meritless (*Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]; *Swinton v City of New York*, 61 AD3d 557, 558 [1st Dept 2009]).

The branch of petition that seeks leave to serve a late notice of claim is denied. Plaintiff did not address whether plaintiff was entitled leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Indeed, plaintiff's counsel asserted, "the Court need not set to the late Notice of Claim standard, because a simple amendment is warranted here" (affirmation of plaintiff's counsel in support of motion ¶

156692/2025   VERANICA HAYWARD, AS ADMINISTRATOR OF THE ESTATE OF          SHAWN          Page 3 of 4
RUSSELL GOODING, vs. NEW YORK CITY TRANSIT AUTHORITY ET AL
Motion No.  001

3 of 4

15 [NYSCEF Doc. No. 12]). The court therefore need not address whether leave to serve a late notice of claim should be denied because the proposed amendments are time-barred.

**ENTER:**

20260309194203RTSAIBC8926CE42D4407D852696ED05BE52CF

_____
**3/9/2026**
**DATE**

_____
**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

156692/2025   VERANICA HAYWARD, AS ADMINISTRATOR OF THE ESTATE OF        SHAWN              Page 4 of 4
RUSSELL GOODING, vs. NEW YORK CITY TRANSIT AUTHORITY ET AL
Motion No.  001

4 of 4